# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 22, 2012 Session

## IN RE MATTHEW B. B. ET AL

**Appeal from the Juvenile Court for Cocke County**
**Nos. CU-04339 & CU-04340   John A. Bell, Judge**

---

**No. E2011-01375-COA-R3-JV-FILED-JUNE 29, 2012**

---

The married parents of two minor children are involved in custody/visitation litigation in the trial court. The most recent decision by the trial court was prompted by a petition filed by the children's father. The trial court denied the father's attempt to obtain custody and suspended his visitation rights pending his completion of anger management and parenting classes. The father appeals. Because the trial court's judgment is not a final judgment, we dismiss the father's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed;**
**Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Jaromir B., Banner Elk, North Carolina, appellant, pro se.

Carter S. Moore, Newport, Tennessee, for the appellee, Romana B.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This is a custody/visitation dispute between the married parents of two minor children. The petitioner, Jaromir B.,[2] and the respondent, Romana B., were both born in the Czech Republic. Their oldest child, Matthew B., was born January 2, 2003. Their youngest, Nathan B., was born January 6, 2005.

Mr. B. filed a pleading in the trial court which he denominated "Motion/Petition to Return my Children to my Care and Grant Custody." A hearing was held in the trial court on June 7, 2011. We do not have a transcript or statement of the evidence reflecting what occurred at that hearing. Following the hearing, the trial court entered an order of the same date, which order provides as follows:

> The passports shall be delivered to [Mrs. B.'s attorney's] office before noon on Thursday, 9 June, 2011, subject to the father being held in contempt of court. On the last visit with the father the children were with the mother and did not want to go to sit with the father. The father then told the mother that he was going to hit the mother in the face. This was said in front of the children and witnesses. The mother repeated this to the police. Visitation was stopped. The father must complete an anger management course and parenting class other than on line before supervised visitation will resume. The petition by the father for custody is denied. The petition by the father to reconcile child support has already been granted with credit or payments and credit for the mother's arrearage by court order dated 25 May, 2011. The father may petition for supervised visitation after completion of these classes.

The trial court's order of June 7, 2011, from which Mr. B. appeals, by its own terms, clearly reflects that the court's judgment is not a final one. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable. . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." *In re Estate of Henderson*, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v.*

---

[2]We disguise the last name of the parties and their children in an attempt to protect the anonymity of the children.

*Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

As this appeal was taken from a judgment that was not final, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal.

The appeal of this matter is dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellant, Jaromir B.

_____
CHARLES D. SUSANO, JR., JUDGE